IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV 03 0419

ROSS, J.

MANN, M.J.

| | |
|---|---|
| KENDRA MCDOWALL, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MICHAEL R. COGAN, RUBENSTEIN, COGAN, BEEHLER & QUICK, P.C., and DOES 1 through 10, inclusive, | ) ) CLASS ACTION ) ) JURY DEMANDED ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. Plaintiff Kendra McDowall files this Complaint seeking redress for the illegal practices of Defendants, Michael R. Cogan, Rubenstein, Cogan, Beehler & Quick, P.C., and Does 1-10, in connection with the collection of alleged debts owed by consumers in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### Parties

2. Plaintiff McDowall is a citizen of New York State who resides within this District.

3. McDowall is a "consumer" as that term is defined by FDCPA § 1692(a)(3), in that the alleged debt that Michael R. Cogan, Rubenstein, Cogan, Beehler & Quick, P.C., and Does 1-10 sought to collect from her is a consumer debt, as defined by FDCPA § 1692a(5), in that it was originally incurred for personal, family or household purposes.



4.   Defendant Cogan is an attorney licensed to practice law in Washington, DC, and in Maryland, with a principal place of business located at 12 South Summit Avenue, Gathersburg, MD 20877.

5.   Rubenstein, Cogan, Beehler & Quick, P.C. ("RCBQ") is a law firm with offices in Maryland and Virginia.

6.   Upon information and belief, RCBQ's principal place of business is located at 12 South Summit Avenue, Gathersburg, MD 20877.

7.   Upon information and belief, Cogan is an officer of RCBQ.

8.   Upon information and belief, Cogan is an owner of RCBQ.

9.   Upon information and belief, Cogan is an employee of RCBQ.

10.   Defendant Cogan is actively engaged in the business of collecting debts allegedly owed by consumers.

11.   Defendant RCBQ is actively engaged in the business of collecting debts allegedly owed by consumers.

12.   Defendant Cogan is a "debt collector," as defined by FDCPA § 1692a(6), in that he is regularly engaged in the collection of debts allegedly due to others.

13.   RCBQ is a "debt collector," as defined by FDCPA § 1692a(6), in that it is regularly engaged in the collection of debts allegedly due to others.

14.   Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore, Plaintiff sues these Defendants by fictitious names. When the true names and capacities of these Defendants become known, Plaintiff will amend this Complaint to include true names and capacities and, if necessary, will pray leave to amend to add additional charging allegations against them.

15. Plaintiff alleges that each Defendant, including those sued herein as Does 1-10, was acting as an agent or representative of every other Defendant in doing all of the acts described in this Complaint and at all times was acting within the course and scope of such agency or representative capacity in doing the acts described herein.

## *Jurisdiction and Venue*

16. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

19. Venue is also proper in this district since Defendants Cogan and RCBQ transact business in this district.

## *Factual Allegations*

20. In or about November 2002, on a date better known to Defendants, Cogan and RCBQ undertook to collect an alleged debt from McDowall.

### *The Initial Communication Bearing*
### *Rubenstein, Cogan, Beehler & Quick, P.C. Letterhead (Exhibit A)*

21. On or about November 5, 2002, Defendant caused an initial communication to be mailed to McDowall bearing RCBQ letterhead, a photocopy of which is attached as Exhibit A.

22. The content of the November 5, 2002 letter violated one or more provisions of the FDCPA.

23. The "caption" of Exhibit A provided a reference to a "court caption" in the following form:

First North American National Bank v. Kendra T. McDowall

3

      Our File No.:      11020844.001
      Account No.:     1727204102455704
      Account Type:    Circuit City Agreement

23. Although <u>Exhibit A</u> contained this "caption," "First North American National Bank v. Kendra McDowall," no complaint had been filed and no index number has been purchased in connection with the alleged debt.

24. Defendants warn McDowall: "At present, your total indebtedness to First North American National Bank is $2998.86. This amount represents the full principal balance owing to First North American National Bank on your credit card account, inclusive of interest but exclusive of attorney's fees. While it is my standard practice to immediately proceed with the filing of lawsuit through an affiliated law firm in your state, my client has asked that I first contact you to determine if this matter can be resolved without the need for litigation."

25. Defendants then warn, "To that end, immediately forward your payment of $2,998.86 to the undersigned at the above address. Your check or money order should be made payable to 'Rubenstein, Cogan, Bechler & Quick, P.C.' and reference our file number 11020844.001 to ensure proper credit. Be advised that if I do not receive payment of the above-referenced sum within thirty (30) days from the date of this letter, I will forward this account to affiliated local counsel that practices in your state who immediately will thereafter suit [*sic*] against you in the appropriate court."

26. Neither the Defendants nor the originating creditor, First North American National Bank, has filed a lawsuit against Plaintiff McDowall.

27. Upon information and belief, <u>Exhibit A</u> is a form letter.

4

28. Upon information and belief, Defendants send form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds, if not thousands, of consumers in New York.

29. Upon information and belief, Defendants send form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds, if not thousands, of consumers across the United States.

30. Upon information and belief, neither Cogan nor any attorney associated with Cogan performs any meaningful review of account files before sending collection letters substantially similar or materially identical to the letter attached as Exhibit A.

31. Upon information and belief, neither RCBQ nor any attorney associated with the offices of RCBQ performs any meaningful review of account files before sending collection letters substantially similar or materially identical to the letter attached as Exhibit A.

## COUNT I

*Violations of the Fair Debt Collection Practices Act*
*Brought by Kendra McDowall, Individually, and on behalf of a Class, against All Defendants*

### Class Allegations

32. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-31 as if set forth fully in this Count.

33. This Count is brought by McDowall, individually, and on behalf of a class consisting of all persons who, according to Defendants' records: (a) have mailing addresses within New York State; and (b) within one year prior to the filing of this action; (c) were sent a collection letter bearing Rubenstein, Cogan, Beehler & Quick, P.C.'s letterhead in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

5

34. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include:

        a) Whether Defendants violated Sections 1692e, 1692e(3) and 1692e(10) of the FDCPA by falsely representing that <u>Exhibit A</u> meaningfully came from an attorney;

        b) Whether Defendants violated Section 1692e(10) of the FDCPA by engaging in a deceptive practice of using false representations and deceptive conduct to collect consumer debts through the use of <u>Exhibit A</u>; and

        c) Whether Defendants violated Section 1692e(14) of the FDCPA by using the business name of "Rubenstein, Cogan, Beehler & Quick, P.C." for their collection activities.

        d) Whether Defendants violated Section 1692g of the FDCPA by overshadowing, confusing, and diluting the 30-day validation notice.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letters, (i.e., the class members), which is a matter capable of ministerial determination from the records of Defendants.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims.

36. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k.

37. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, McDowall will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Deceptively implying there was a meaningful review by an attorney*

42. Defendants fail to perform a meaningful review of consumer accounts prior to allowing consumer collection letters to be sent on RCBQ letterhead.

43. FDPCA § 1692e provides, in relevant part.

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ...*
>
> \* \* \*
>
> (3) *The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
>
> \* \* \*
>
> (10) *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

44. On information and belief, Defendants send out thousands, if not tens of thousands, of letters under RCBQ attorney letterhead.

45. On information and belief, Defendants use a mechanized, computer-driven process to send these letters.

46. Most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined fields by a word processor or other computer-driven document-assembly software.

47. On information and belief, the information fed into the pre-defined fields is derived from a magnetic tape or other electronic-transfer means without the need for Defendants or any employee of Defendants to actually manually enter or review the data.

48. Upon information and belief, the information to be inserted in these fields is sent to Defendants *en masse*, as electronically stored information, via modem or other computer-readable format, or is manually input by clerks employed by or acting on behalf of Defendants.

49. The letters are then created directly from this electronically stored information.

50. Defendant RCBQ does not act as a law firm or as attorneys in any meaningful sense of the word.

51. Defendant Cogan does not act as an attorney in any meaningful sense of the word.

52. On information and belief, no attorney meaningfully reviews or authorizes any particular letter before it is sent.

53. The only possible attorney involvement is that someone may review the form of letter sent and define some general parameters as to the intended recipients.

54. Then, the process is delegated to a computer and clerical workers employed by or acting on behalf of Defendants.

8



55. Defendants violated Sections 1692e, 1692e(3) and 1692e(10) of the FDCPA by sending collection letters identical or similar to the one sent to McDowall in the form of <u>Exhibit A</u>.

56. <u>Exhibit A</u> deceptively purports to be "from an attorney" when in fact the letter, which is on attorney-letterhead, is not from an attorney in any meaningful sense.

57. No attorney meaningfully reviews the file, makes determinations about the legal validity of the debt or interacts with the consumer before the letters are sent.

58. RCBQ masquerades as a "law firm" by using the power and leverage of its attorney letterhead to collect debts from consumers.

59. Cogan masquerades as an "attorney" by using the power and leverage of RCBQ's attorney letterhead to collect debts from consumers.

60. Through the use of collection letters such as the one sent to Plaintiff on "attorney letterhead," Defendants deceptively imply to the least sophisticated consumer that an attorney is meaningfully involved in collecting on his or her account.

61. Because Defendants jointly and severally violated the FDCPA, McDowall and the class are entitled to damages in accordance with the FDCPA.

*Misrepresentation of who is attempting to collect the debt*

62. Letters sent to Plaintiff and the class members under the letterhead of "Rubenstein, Cogan, Beehler & Quick, P.C." are actually being prepared and transmitted through a computer-automated process.

63. Commencing collection activity using a form collection letter containing the business name of "Rubenstein, Cogan, Beehler & Quick, P.C." for collection activity is a deceptive practice that violates Section 1692e(14) of the FDCPA.

64. Because Defendants jointly and severally violated the FDCPA, McDowall and the class are entitled to damages.

### *Violations of FDCPA § 1692e and e(10) – False and Deceptive Means of Debt Collection*

65. Section 1692e of the FDCPA provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Section 1692e(10) of the FDCPA provides that a debt collector may not use any false representation or deceptive means to collect any debt or to obtain information concerning a consumer.

67. Defendants violated Sections 1692e and e(10) of the FDCPA by mailing a collection letter to McDowall that bears a reference line which confers the false impression that litigation has been commenced against McDowall when in reality, no such litigation had been commenced.

### *Violations of §1692g – Overshadowing*

68. Section 1692g of the FDCPA either requires that a debt collector include a validation notice with, or send it within 5 days of, the initial communication from the debt collector to the consumer.

69. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days after receipt of the notice.

70. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the least sophisticated consumer.

71. Defendant violated Section 1692g of the FDCPA and overshadowed, confounded and diluted the thirty-day validation notice by demanding immediate payment, under threat of litigation, within the thirty-day validation period.

72. Defendants further violated Section 1692g of the FDCPA by demanding payment within thirty days of the date of the letter attached as <u>Exhibit A</u>.

73. Defendants further violated Section 1692g of the FDCPA by demanding that in the event payment in full cannot be made, then the consumer must "immediately contact our office to determine if mutually agreeable payment arrangements can be reached."

74. Defendants are liable to McDowall and the class for violating §1692g of the FDCPA.

WHEREFORE, McDowall asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendants, each individually and jointly and severally as joint venturers, awarding damages as follows:

    a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692k;

    b) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    c) A declaration that Defendants' form collection letter, represented by the one attached as <u>Exhibit A</u>, violates the FDCPA; and

    d) Any other relief that this Court deems appropriate and just under the circumstances.

### *Jury Demand*

Plaintiff demands a trial by Jury.

Dated: New York, New York
       January 27, 2003

Respectfully submitted,

By: _____
Brian L. Bromberg (BLB:6264)
One of Plaintiff's attorneys

<u>Attorneys for Plaintiff:</u>
Brian L. Bromberg (BLB:6264)
Brian L. Bromberg, P.C.
32 Broadway, Suite 1614
New York, NY 10004
(212) 248-7906

Lance A. Raphael (LAR:3625)*
Stacy M. Bardo (SMB:4426)
25 East Washington, Suite 1805
Chicago, IL 60602
(312) 782-5808

*NOTE – Chicago counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served and the Defendants appear.

**Exhibit A**



| | **LAW OFFICES** | |
| --- | --- | --- |
| MITCHELL RUBENSTEIN (DC & MD)<br>MICHAEL R. COGAN (D.C. & MD)<br>BRETT C. BEEHLER (D.C., MD & VA)<br>ERIK R. QUICK (D.C., MD & VA)<br><br>CYNTHIA REVESMAN (DC, MD & VA) | **RUBENSTEIN, COGAN, BEEHLER & QUICK, P.C.**<br>*ATTORNEYS & COUNSELORS AT LAW*<br>Suite 250<br>12 South Summit Avenue<br>Gaithersburg, MD 20877<br><br>TELEPHONE (240) 386-0550<br>FACSIMILE (240) 386-0555<br>www.rcbqlaw.com | VIRGINIA OFFICE<br>750 MILLER DRIVE<br>SUITE C-1<br>LEESBURG, VIRGINIA 20175<br><br>PLEASE REPLY TO:<br>MARYLAND OFFICE |

November 5, 2002

Kendra T. McDowall
727 Linwood Street

Brooklyn NY 11208-3525

    Re:    First North American National Bank v. Kendra T. McDowall
           Our File No.:    11020844.001
           Account No.:   1727204102455704
           Account Type:  Circuit City Agreement

Dear Mrs. McDowall:

    Please be advised that I represent First North American National Bank, with respect to your First North American National Bank credit card account ("FNANB"). At present, your total indebtedness to First North American National Bank is $2998.86. This amount represents the full principal balance owing to First North American National Bank on your credit card account, inclusive of interest but exclusive of attorney's fees. While it is my standard practice to immediately proceed with the filing of lawsuit through an affiliated law firm that practices in your state, my client has asked that I first contact you to determine if this matter can be resolved without the need for litigation.

    To that end, please immediately forward your payment of $2998.86 to the undersigned at the above address. Your check or money order should be made payable to "Rubenstein, Cogan, Beehler & Quick, P.C." and reference our file number 11020844.001 to ensure proper credit. Be advised that if I do not receive payment of the above-referenced sum within thirty (30) days from the date of this letter, I will forward this account to affiliated local counsel that practices in your state who immediately will thereafter suit against you in the appropriate court.

    Federal law requires I inform you that, pursuant to the provisions of the Fair Debt Collection Practices Act found at 15 U.S.C. §1692, et seq., unless you notify me within in thirty (30) days after receipt of these documents that there is a dispute as to the validity of the debt, or any portion thereof, I will assume that the debt is valid and proceed with further litigation. In the event that you notify me in writing that the debt or any portion thereof is disputed, I will obtain verification of the debt and forward same to you. Be further advised that this communication is an attempt to collect a debt, by a debt collector. Any information obtained will be used for that purpose.

    I shall look forward to your prompt payment and an amicable resolution of this matter. In the event you are unable to remit the full $2998.86 due and owing, please immediately contact our office to determine if mutually agreeable payment arrangements can be reached. Should you have any questions or require additional information, please feel free to contact me at the following toll free number 1-866-386-0550.

                                                            Very truly yours,

                                                           Michael R. Cogan, Esquire